Rossy García, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
El recurso instado en el caso de epígrafe interesa la revisión de una resolución emitida por la Junta de Apelaciones del Sistema de Administración de Personal (en adelante JASAP). Mediante ésta declaró sin lugar un recurso de apelación interpuesto por el recurrente. Ratificó así la acción de personal que era objeto de impugnación, en virtud de la cual se había dispuesto el traslado del recurrente, quien se desempeñaba como policía en la escolta de la familia del Gobernador de Puerto Rico.
Encontrándonos en condición de dictaminar luego de un cuidadoso análisis del recurso instado a la luz de la totalidad de los documentos que obran en autos y el derecho aplicable, resolvemos que resulta procedente denegar la expedición del auto solicitado.
I
Los hechos que dieron base a la acción de personal que es objeto de impugnación son extremadamente sencillos y no están en controversia. El Policía José I. Aponte Rivera se desempeñaba como Guardia en la Policía de Puerto Rico desde julio de 1986. En enero de 1993 fue asignado al grupo de escolta de la familia del Gobernador de Puerto Rico, Hon. Pedro Rosselló *1001 González, por recomendación del Coronel Juan Sánchez. Allí se desempeñó por varios meses y hasta octubre de 1993, fecha en que ordenó su traslado, por exigencias del servicio, a la División de Operaciones Tácticas del Area de Aguadilla, de donde es oriundo y reside- su familia. En la actualidad, según surge de los autos, se desempeña en la Unidad Marítima de Aguadilla.
Surge del expediente, además, que el traslado impugnado se efectuó a solicitud del Comandante Pablo Rivera Sánchez, Director de Seguridad del Gobernador de Puerto Rico, ello como resultado de unos anónimos que éste recibió que ubicaban al recurrente prestando servicios en calidad de "bouncer" en una discoteca que era frecuentada por el hoy convicto Wes Solano Moreta. Conforme al testimonio del Comandante Rivera Sánchez, el que le mereció total credibilidad a la Oficial Examinadora, ante las dudas e inquietudes que en su ánimo levantaban dichos anónimos y su gran responsabilidad por la seguridad del Gobernador y su familia, éste tomó la decisión de solicitar el traslado del recurrente de la unidad por él dirigida.
Habiéndose dispuesto el traslado del Policía Aponte Rivera según indicado, el 29 de octubre de 1993, éste presentó escrito de apelación ante JASAP. En el mismo se limitó a consignar su inconformidad con dicha acción y a solicitar la revocación de la misma. Contestada como fue dicha apelación, escrito en el que la recurrida negó toda motivación para el traslado ajena a las necesidades del servicio, y definida como quedó la controversia, se señaló la vista correspondiente. En ocasión de la misma las partes aportaron pmeba testifical en apoyo a sus respectivas contenciones, determinando la Oficial Examinadora, en lo que resulta pertinente, "que el apelante fue trasladado por exigencias del servicio". De igual forma hizo constar que dicha acción no le resultaba onerosa al recurrente, toda vez que fue asignado a la División de Operaciones Tácticas del Area de Aguadilla, de donde es oriundo y donde reside con su familia. Validó así, luego de dirimir todo conflicto en la prueba, la acción de personal objeto de impugnación. Concluyó, además, que "a base de la prueba presentada procede el traslado del apelante". 
Considerado el Informe de la Oficial Examinadora y, en particular, las determinaciones de hechos y conclusiones de derecho formuladas, JASAP emitió resolución adoptando por referencia el mismo. En consecuencia, declaró No Ha Lugar la apelación interpuesta. Confirmó así el traslado que era objeto de impugnación. Por su parte, la miembro Asociado, Leda. Rosario Pacheco Fontán, indicó en su voto concurrente que "en ausencia de prueba demostrativa de una actuación caprichosa, arbitraria u onerosa, como en el caso de autos, no se justifica nuestra intervención con la determinación tomada".
Notificada como fue la resolución ahora recurrida, y luego de serle denegada una moción de reconsideración oportunamente presentada, compareció el peticionario ante nos mediante el recurso que nos ocupa. En éste argumenta "que por estar basado dicho traslado en rumores no investigados, el mismo había sido arbitrario y caprichoso". Según indicado, resulta procedente denegar la expedición del auto.
II
Para colocar el caso que nos ocupa en correcta perspectiva debemos iniciar por reconocer que, con relación al área de traslados, si bien la see. 4.4(5) de la Ley de Personal de Servicio Público, Ley Núm. 5 de 14 de octubre de 1975, según enmendada, 3 L.P.R.A. see. 1334(5), provee en lo pertinente que los traslados sólo podrán hacerse a solicitud del empleado, o cuando respondan a necesidades del servicio según se establezca mediante reglamento y el traslado no resulte oneroso para el empleado, ésta dispone en su parte final que "se exceptúan de esta disposición aquellos sistemas en que se utilice el concepto de rango". Es así como más adelante se dispone en forma clara y sin ambages en el subinciso (9) de dicha sección, que "en aquellos sistemas en que se utilice el concepto de rango... no se requerirá el consentimiento del empleado". 32 L.P.R.A. sec. (a).
Observamos así, como bien ha expresado nuestro Tribunal Supremo, que la intención del legislador fue delegar amplios poderes en materia de traslado a las dependencias que utilicen el sistema de rango. Torres Arzola v. Policía de P.R., 117 D.P.R. 204, 211 (1986). Reconoció así la Asamblea Legislativa, al excluir a organismos como la Policía del alcance de la see. 4.4 de la Ley de Personal, supra, "que esos cuerpos requieren una flexibilidad operacional y total movilidad de su personal para responder rápidamente a las necesidades del país". Id. Por otro lado, estos empleados, *1002 si bien pueden ser trasladados aun en contra de su voluntad, no están desprovistos de protección frente a una decisión arbitraria por parte del poder nominador. Así lo reconoce también el Reglamento de la Policía de Puerto Rico, al establecer en la sec. 13.2 las guías y criterios a tomarse en consideración cuando se contempla un traslado y prohibe la utilización del traslado como medida disciplinaria. Se armonizan así los intereses en conflicto. Por un lado, permitir que el sistema pueda responder adecuadamente a las necesidades del país de fortalecer los programas de seguridad pública, Torres Arzola, supra, a las págs. 212-213, y por otro, el interés en proteger a los empleados de un proceder arbitrario o caprichoso por parte del poder nominador. Como bien se ha expresado, aunque el policía es un sujeto protegido constitucionalmente, Pueblo v. Caro González, 110 D.P.R. 518 (1980), éste "forma parte de ese grupo de funcionarios sobre los cuales un interés superior comunitario les impone mayores exigencias y restricciones en contraste con otros servidores públicos". Carle García v. Superintendente de la Policía, 114 D.P.R. 667 (1983), Voto Explicativo del Juez Asociado, señor Negrón García, a la pág. 674.
De otra parte y como bien expresara dicho magistrado en Carie García, "[l]as complejidades y urgencia de su misión [refiriéndose a la policía] justifican a cabalidad reconocerle esa flexibilidad operacional y movilidad en su personal". Carle García, supra, págs. 671-672. Por ello, a su vez, al pasar juicio sobre la legitimidad de un traslado por "necesidades o exigencias del servicio", debe tenerse presente que dicha frase:
"acuña una realidad eminentemente pragmática, de carácter relativo y flexible. En distintos momentos puede conllevar diferentes significados y grados. Abarca tanto situaciones imperiosas e inevitables -en que la libertad de acción es casi ninguna y no existe otro curso de acción- como aquellas medidas útiles y aconsejables. A su vez, tales necesidades o exigencias del servicio pueden clasificarse de razonables, prácticas, económicas, etc. El abanico de posibilidad y situaciones es amplio. No puede ser limitado a priori." Id., a la pág. 673.
III
Al examinar ahora la situación particular del caso que nos ocupa a la luz de los principios antes reseñados, observamos que ninguna alegación meritoria de arbitrariedad u onerosidad hacen los peticionarios. Tampoco la encontramos nosotros. Por el contrario, desmerecida por JASAP toda alegación de discrimen o motivación para el traslado ajena a las necesidades o exigencias del servicio, evidente resulta la legitimidad del traslado ordenado. En cuanto a este particular, debemos tener presente que si las determinaciones de hechos de las agencias están sostenidas por evidencia sustancial obrante en el expediente, los tribunales no están autorizados a intervenir con éstas en ausencia de una demostración de que son irrazonables o arbitrarias, Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).
Esta obligación no fue descargada por el recurrente en el caso que nos ocupa.
De otra parte, la razonabilidad y justificación del traslado surge del testimonio aportado por el Comandante Rivera, según determinado en el Informe de la Oficial Examinadora. Este atestó que ante la duda y frente a la gran responsabilidad por la seguridad del Gobernador y su familia, gestionó el traslado del recurrente al lugar donde residía con su familia. Con tal proceder se armonizaron los intereses en conflicto, a saber, las necesidades del servicio relacionadas con la seguridad inmediata del Gobernador y su familia y, de otra parte, la situación particular del recurrente. Así, al trasladarlo a su lugar de origen, donde residía con su familia, se minimizó, en lo posible, todo gravamen producto del cambio. Se trata, pues, de una decisión discrecional que se tomó en el ejercicio del poder conferido a la autoridad nominadora. Con tal ejercicio legítimo de discreción no habremos de intervenir.
Resolvemos, en consecuencia, que en tales circunstancias, y en ausencia de proceder arbitrario o caprichoso, dictaminó JASAP con corrección al desestimar el recurso interpuesto por el aquí recurrente.

TV

Por los fundamentos antes expuestos, se deniega la expedición del auto de revisión solicitado.
Lo acuerda y manda el Tribunal y lo certifica la señora Secretaria General.
*1003 Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 45
1. El Diccionario Internacional Simon and Schuster, Ingles/Español, Espafiol/Ingles, define el término "bouncer", en una de sus acepciones, como "apagabroncas" que echa a la calle a los ebrios o alborotadores de un bar.
2. Véase Determinaciones de hechos, Informe de la Oficial Examinadora, Apéndice del Recurso, págs. 5-6.
3. Véase Solicitud de Revisión, a las págs. 3-4.